UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                              Plaintiff

v.                                                                          Criminal Action No. 3:16-CR-72

ANTHONY J. GIBBS                                                                      Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Anthony J. Gibbs ("Gibbs") moves to reduce his sentence under 18 U.S.C. § 3582(c)(2) for retroactive application of Part A of Amendment 821 of the Federal Sentencing Guidelines. [DE 80]. For the reasons below, the Court **DENIES** Gibbs's motion for sentence reduction under 18 U.S.C. § 3582(c)(2) as set forth below.

**I.      BACKGROUND**

On October 16, 2018, Gibbs pleaded guilty to Count 1 of the Indictment pursuant to a written Rule 11(c)(1)(A) and (B) plea agreement. [DE 62 at 165, ¶5]. Count 1 of the Indictment charged that on or about May 16, 2016, Gibbs knowingly and intentionally possessed with the intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, as defined by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(l)(A). *Id.* ¶2. On March 13, 2019, this Court sentenced Gibbs to 151 months in custody and dismissed Count 2. [DE 68].

Gibbs now moves pro se for a reduction in sentence under Amendment 821. [DE 80].

II.     ANALYSIS

Motion for Retroactive Application of Amendment 821

On April 27, 2023, the United States Sentencing Commission ("USSC") submitted to Congress Amendment 821, which became effective November 1, 2023. Amendment 821 contains two retroactive provisions. Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. "Status points" are those points that were applied under then United States Sentencing Guideline ("U.S.S.G.") § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors.

Deciding a motion for retroactive application of Amendment 821 under 18 U.S.C. § 3582(c)(2) requires two steps. First, the Court determines whether the defendant is eligible for relief under the amendment, and then it must consider whether reducing the sentence is supported by the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826 (2010) (citing § 3582(c)(2)). Even if a reduction is authorized under § 1B1.10 of the Guidelines, the Court must determine whether consideration of the 18 U.S.C. § 3553(a) factors indicate a reduction is warranted. *Id.* at 826. "[D]istrict courts are empowered to provide process and to consider resentencing factors as they see fit." *United States v. Boulding*, 960 F.3d 774, 783 (6th Cir. 2020). While the District Court must consider "all [of] the . . . factors," it has "discretion [to] plac[e] more 'weight on one factor' because the particular facts in [a] case warrant[ ] doing so." *United States v. Adkins*, 729 F.3d 559, 572 (6th Cir. 2013) (citation omitted). "While a district court need not

2

explicitly . . . recite a list of [the § 3553(a)] factors, it must provide a reasoned explanation for its choice of sentence [that is] sufficiently thorough to permit meaningful appellate review." *United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006).

Gibbs is not eligible for a reduction in status points. Gibbs had an initial criminal history score of 10 before adding 2 status points, for a total criminal history score of 12, which is a criminal history category of V. [DE 62, Presentence Investigation Report ("PSR"), at 176]. But because Gibbs is a career offender, his criminal history category is VI. [*Id.*] Part A of Amendment 821 decreases Gibbs' "status points" by one point because he had seven or more criminal history points. Thus, his total criminal history score of 12 would be reduced to 11. But because Gibbs is a career offender, his criminal history score would still be VI, and his guideline range is undisturbed by the Amendment. Thus, he is not eligible for a reduction under Part A of Amendment 821. *United States v. Baker*, No. 1:11-cr-56, 2024 WL 3639658, at *2 (W.D. Mich. Aug. 2, 2024) (denying a sentence reduction under Part A, Amendment 821, to career offender because the "amended guidelines concerning status points do not affect the calculation of his sentence" (collecting cases)).

Because Gibbs is ineligible for relief under the amendment, the Court need not reach the second step of the analysis, weighing the sentencing factors in § 3553(a).

### III. CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, it is **ORDERED** that Defendant's pro se motion to reduce sentence under Amendment 821 [DE 80] is **DENIED**.

October 22, 2024

Rebecca Grady Jennings, District Judge
United States District Court

Cc: Defendant, pro se